### E. O. Hurd & Co. v. J. C. French.

A new trial will be granted on the ground of newly-discovered evidence, where it is not multiplication of evidence to facts already investigated, or addition to other facts of the same general nature.

Reserved to General Term on motion for a new trial, made by plaintiffs below.

The case is fully contained in the opinion

*Stallo & Kittredge*, for plaintiffs.

*Geo. H. Pendleton* and *Bradstreet*, contra.

Hagans, J. This is an action to recover $5,650 and interest, a claim on for damages for breach of a contract to pay a margin on 565 bales of cotton consigned by the defendant to the plaintiffs.

It appears that the plaintiffs advanced $75,000 on the shipment, which was its cost; and it was agreed when the advances were made, as the plaintiffs claimed, that if, at any time before the cotton was sold, it should decline two cents a pound, the defendant should pay the amount sued for as a margin, and the plaintiffs should hold it subject to his order. The cotton did decline more than two cents a pound, the defendant failed to make good the margin, and

the plaintiffs sold the cotton, and a loss on the shipment ensued. The plaintiffs sued out an attachment and levied on other property sufficient to secure the alleged damages. The plaintiffs' case stood on the contract and the breach of it; and without waiting to sell the cotton and suffer the loss they brought this suit.

The statement of the contract by one of the plaintiffs on the trial before the jury was contradicted by the defendant. There were statements by another witness, as well as telegrams and correspondence, all of which tended to corroborate the claims of the respective parties, so that the question of contract or no contract went to the jury upon the weight of the evidence, which was pretty evenly balanced.

Among other items of testimony, it was shown that the defendant gave his deposition in the cause at Nashville, Tenn., which, before the certificate of the officer was attached to it, was destroyed by the defendant as he orally stated on the trial; and neither the defendant nor the attorney for either party, nor the officer who took it, was able to state its contents.

The plaintiffs took the depositions of the attorney of the defendant and of the officer who took the lost deposition of the defendant, and they both stated substantially as mentioned above, and also stated that French was drunk at the time; and also had, at the trial, the letter of their own attorney, in Nashville, who was present when the lost deposition was taken, stating that he knew nothing further about said deposition than that it had been taken, and that he kept no notes of the testimony of French, supposing that the officer had forwarded it to the clerk of this court.

In this state of the testimony the jury brought in a verdict for the defendant, and the plaintiffs moved for a new trial upon several grounds, among others on that of newly-discovered evidence. In support of the motion on this ground they produced the letter alluded to, of their attorney at Nashville, and also the affidavit of one of the plaintiffs, that the first they knew of the destruction of the deposition by French

was his own statement on the trial, and that they were prevented from taking the testimony of their Nashville attorney by his letter to them, referred to, whereby they were led to believe that their attorney, like the defendant's attorney at Nashville, and the officer who took the deposition, knew nothing of its contents. They also produce the affidavit of their Nashville attorney, who was present when the defendant's deposition was taken, that French's statements (setting them forth in detail), in that deposition, part of which French wrote and then signed it, corroborated the plaintiffs' claim, at which he was surprised, as those statements did not sustain the defendant's position. The affiant excuses himself for not making these statements in his letter to the plaintiff, because he kept no notes of French's testimony and because his recollection is more imperfect than if he had done so, and therefore did not attempt it.

In view of the condition of the evidence before the jury, the newly-discovered testimony of the Nashville attorney becomes highly important, and the party ought to have the benefit of it unless it be merely cumulative, it being otherwise unobjectionable. The rule, as stated in *Waller* v. *Graves*, 20 Conn. 305, cited by this court in *Patrick* v. *Merrill & Co.* at a previous term, and also with approval in *Gandolfo* v. *The State*, 11 Ohio St. 119, leaves no doubt in our minds that this testimony is within it. "The evidence, newly discovered, brings to light new and independent truth of a different character, although it tends to prove the same ground of claim before insisted on." It is not multiplication of evidence to facts already investigated, or addition to other facts of the same general nature.

We think the legitimate effect of such evidence will be to require a different verdict, *Ludlow's heirs* v. *Park*, 4 Ohio, 5; or rather, if received, the most obvious justice, and if rejected, the most palpable injustice, will be done. *Barker* v. *French*, 18 Vt. 360.

Motion for a new trial will be granted, and cause remanded.